**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **WADE COLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CIV-08-115-R** |
| | ) |
| **FRED FIGUEROA,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>O R D E R</u>

Before the Court are the Report and Recommendation of United States Magistrate Judge entered February 14, 2008 [Doc. No. 6] and Plaintiff's "Motion to Object . . . and Combined Motion to Rehear Request for Injunction" filed February 21, 2008 [Doc. No. 8].

The Magistrate Judge recommended that Plaintiff's request for an injunction be denied and that these proceedings be terminated, stating that "[u]ntil Mr. Cole files a complaint, the Court is powerless to order immediate relief." Report and Recommendation at p. 1. In his motion to object and for a rehearing [Doc. No. 8], which the Court treats as an Objection to the Report and Recommendation, Plaintiff points out that he filed a motion for leave to proceed *in forma pauperis* on February 15, 2008 [Doc. No. 7]. He also states that he is only seeking an injunction to preserve the status quo and this Court's jurisdiction and that he and other affected parties will be irreparably harmed if they are moved to other correctional facilities before their combined habeas petition and 28 U.S.C. § 1983 action is adjudicated in the District Court of Beckham County.

However, the Magistrate is correct that the Court lacks jurisdiction to entertain a request for injunctive relief absent a properly filed complaint. *Powell v. Rios*, 241 Fed. Appx. 500, 505 n. 4 (10th Cir. July 19, 2007) (unpublished op); *accord Alabama v. United States Army Corp of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (cited in the Report and Recommendation at p. 1, note 1). The pleading initially filed, captioned "Request for Injunction" [Doc. No. 1] cannot be construed as a complaint; to the extent the Court attempts to so construe it, it fails to state a cause of action or claim on which relief can be granted and provides no basis for the exercise of this Court's jurisdiction. Plaintiff states therein that the "Court has jurisdiction pursuant to 28 U.S.C. § 1651, the All Writs Act, to enjoin the parties to the action presently in" state court. Request for Injunction [Doc. No. 1]. However, "Section 1651(a) does not operate to confer jurisdiction;" rather it provides a basis for ancillary relief in aid of a federal court's jurisdiction where jurisdiction is already properly invoked. *Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972)

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED insofar as the Request for Injunction is treated as a nullity over which this Court has no jurisdiction and Plaintiff's Request for Injunction is DISMISSED. If Plaintiff files a Complaint over which the Court has jurisdiction within fifteen (15) days of the date of this Order, the Complaint and motion to proceed *in forma pauperis* filed February 15, 2008 shall be referred to the Magistrate Judge. In the event Plaintiff fails to file such a Complaint within that time frame, this "case" shall be deemed DISMISSED.

**It is so ordered this 25th day of February, 2008.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE